IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CARGILE, III, et al., | : | |
| Plaintiffs, | : | Case No. 2:95-cv-1182 |
| v. | : | Judge Holschuh |
| STATE OF OHIO, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

This matter is currently before the Court on Plaintiffs' motion for an order to show cause why the State of Ohio should not be held in contempt for violating a settlement agreement (Record at 51), and on Defendants' "motion to dismiss Plaintiffs' motion" based on lack of subject matter jurisdiction. (Record at 53). For the reasons set forth below, Plaintiffs' motion is denied and Defendants' motion is granted.

**I.     Background and Procedural History**

In 1995, Plaintiffs William Cargile, III and William Cargile Contractor II, Inc. filed suit under 42 U.S.C. § 1983 against Defendants The State of Ohio, James Conrad, Director of the Ohio Department of Administrative Services ("DAS"), and John Doe for violations of Ohio's Minority Business Enterprise (MBE) program. Under Ohio law, participation in the MBE program was limited to Black, American-Indian, Hispanic, and Oriental racial and ethnic groups. Plaintiffs claimed that DAS and other Ohio officials unlawfully accorded MBE status to Asian-Indian companies on the basis of race, violating Plaintiffs' Fourteenth Amendment equal protection rights. DLZ Corporation, Dodson-Lindblom Associates, Inc., Stilson & Associates,

Inc., and JDJ&A, Inc. (collectively "DLZ") were later granted leave to intervene as defendants.

On November 27, 1995, the Court granted Defendants' motion to dismiss all claims against the State of Ohio. In June of 1996, a settlement agreement was reached resolving all remaining claims against DAS and DLZ. DAS agreed that Plaintiffs would have the "full opportunity to compete for and bid upon public projects, and that all DAS contracts let by bid will be awarded to the lowest responsible bidder as required by R.C. 9.312." (Ex. B to Defs.' Mot. Summ. J.). On June 28, 1996, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the parties filed a Stipulation of Dismissal and the case was closed.

On September 15, 2006, Plaintiffs filed a motion for an order to show cause why the State of Ohio should not be held in contempt of Court for violation of the settlement agreement. Plaintiffs contend that over the past ten years the State of Ohio has repeatedly failed to accord contracting opportunities to Plaintiffs on an equal basis with other contractors.

On October 5, 2006, Defendants filed a memorandum in opposition, along with a "motion to dismiss Plaintiffs' motion" based on lack of subject matter jurisdiction. Defendants argue that because the State of Ohio was not a party to the settlement agreement, the State obviously cannot be held in contempt for violating it. They further argue that because the Court neither retained jurisdiction to enforce the settlement agreement nor incorporated the terms of the settlement agreement into an order of dismissal, the Court lacks subject matter jurisdiction to enforce the agreement. Plaintiffs have not responded to Defendants' motion to dismiss.

II.     Discussion

    A.     **Request for Oral Argument**

Plaintiffs have requested oral argument in connection with their motion for a show cause order.  Under the local rules, a party may request oral argument in cases where it "is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented."  S.D. Ohio Civ. R. 7.1(b)(2).  The grounds for the request must be "succinctly explained" by the requesting party.  Id.  In this case, Plaintiffs failed to set forth any grounds for their request.  The Court finds that oral argument is not essential to fair resolution of this matter and the issues presented are not complex.  For these reasons, the Court denies Plaintiffs' request for oral argument.

    B.     **Defendants' Motion to Dismiss**

        1.     **State of Ohio Not a Party to the Settlement Agreement**

Plaintiffs seek an order to show cause why the State of Ohio should not be held in contempt of Court for violating the terms of the June 1996 settlement agreement.  As Defendants point out, however, all claims against the State of Ohio were dismissed by the Court in November of 1995, many months before the settlement agreement was executed by Plaintiffs, DAS, and DLZ.  Since the State of Ohio was not even a party to the settlement agreement, there is no legal basis for issuing the requested show cause order.

        2.     **No Jurisdiction to Enforce Settlement Agreement**

Even assuming that Plaintiffs intended to seek enforcement of the settlement agreement against DAS instead of against the State of Ohio, this Court has no jurisdiction to grant the relief requested.  In Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994),

the Supreme Court held that "[e]nforcement of a settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378.  See also Re/Max Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 641 (6th Cir. 2001) (""federal district courts do not possess the inherent power to vindicate their own authority where parties enter into a voluntary agreement resolving their federal lawsuit").  Therefore, "[e]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen, 511 U.S. at 382.  In this case, there is no independent basis for federal jurisdiction.  As in Kokkonen, this is essentially an action "for breach of contract, part of the consideration for which was dismissal of an earlier federal suit." Id. at 381.  There is no federal question and there is no diversity jurisdiction.

Federal courts do have ancillary jurisdiction to enforce their orders and vindicate their authority. Id. at 380.  In Kokkonen, however, the Supreme Court held that the district court had no authority to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction.  The Court held that where the order sought to be enforced is nothing more than an order of dismissal, ancillary jurisdiction does not exist unless the Court, in its order of dismissal, either: (1) retains jurisdiction to enforce the terms of the settlement agreement; or (2) expressly incorporates the terms of the settlement agreement in the order. Id. at 381.  In this case, the Court did not even issue an order of dismissal.  The case was simply closed after the parties filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).  Since the Court issued no order of dismissal retaining jurisdiction to enforce the terms of the settlement agreement or incorporating the terms of the settlement agreement, the Court has no ancillary

jurisdiction to enforce it.

### III. Conclusion

Because the State of Ohio was not a party to the settlement agreement, and because the Court lacks subject matter jurisdiction to enforce the terms of the settlement agreement against DAS, the Court **DENIES** Plaintiffs' motion for a show cause order (Record at 51) and **GRANTS** Defendants' motion to dismiss Plaintiffs' motion (Record at 53).

**IT IS SO ORDERED.**


Date: December 4, 2006                    /s/ **John D. Holschuh**
                                          John D. Holschuh, Judge
                                          United States District Court